UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 DEC -6  AM 11: 19

CLERK

BY LAW
DEPUTY CLERK

TRACI WADE,

**PLAINTIFF**

v.

Civil Action No.: 2:18-CV-210

**KEY BANK OF VERMONT,**

**DEFENDANT**

\>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

## *COMPLAINT AND JURY DEMAND*

PLAINTIFF in this action, Traci Wade, files the following claims and allegations against defendant for disability discrimination and retaliation in violations of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*, as amended ("ADA"), age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 to 29 U.S.C. § 634, *et seq*, as amended, and gender discrimination under the Civil Rights Act of 1965 ("Title VII"), as amended, and she demands the following relief and remedies:

1. Plaintiff is a resident of Saco city in York County, Maine.

2. Defendant is a banking institution headquartered in Cleveland, Ohio, with branches throughout the United States, incorporated and operating branches in Vermont.

3. Defendant employed plaintiff as a Personal Banker for four years, from July 8, 2013 until July 13, 2017, at its Corporate Plaza, Burlington, Vermont branch.

4. In March 2018, plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging and protesting discrimination and retaliation under the aforementioned federal statutes, based upon her supervisor's

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

1 of 9

and colleagues' treatment of her for her medical condition and recovery from related medical complications.

5. In October 2016, plaintiff applied for the branch manager position for the North Avenue, Burlington, VT branch.

6. Area Retail Lender Bethany Belanger interviewed plaintiff on November 4, 2016 for two branch manager positions: at both the North Avenue and Corporate Plaza branches.

7. During the interview Belanger refused to consider plaintiff for the position at the Corporate Plaza branch, stating that plaintiff was "not ready for this branch," and that she would likely be "unable to perform the responsibilities," despite the fact that plaintiff had previously been a bank branch manager at another institution.

8. Belanger also acknowledged that plaintiff would be a good option for the Branch Manager position available at the North Avenue branch.

9. On November 10, 2016, Belanger emailed plaintiff requesting that plaintiff work two days at the North Avenue branch to "get a feel" for the staff, leading plaintiff to believe that she had advanced in the interview process.

10. However, Belanger never contacted plaintiff again about the position.

11. Plaintiff received a staff-wide email on February 24, 2017, announcing that Ryan Butler, a younger male candidate with no prior banking experience, had been appointed as the new North Avenue branch manager.

12. In January 2017, Belanger denied the vacation requests that plaintiff had submitted for the coming year.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

2 of 9

13. Belanger justified denying plaintiff's requests by citing defendant's seniority policy, claiming that she had already granted several other more senior managers' requests for the same days off work.

14. Plaintiff asked to remain on the request list for a particular day in July in case another employee cancelled their request.

15. Belanger later permitted two employees who were both plaintiff's junior to take the days off work that plaintiff had requested months prior.

16. In February 2017, plaintiff began to use a walker when standing or walking, as she was experiencing severe daily pain, sciatica spasms, and periods of immobility as a result of severe arthritis in her hip.

17. At defendant's request, plaintiff's physician submitted an official medical note to defendant in March 2017 to make defendant aware of plaintiff's disability, ongoing treatment, and necessary accommodations for a two-month period.

18. The use of a walker and plaintiff's ongoing issues with her hip physically prevented plaintiff from assisting at the teller counter.

19. Defendant granted plaintiff the temporary disability accommodations of using a walker at work and temporary leave from attending the teller counter.

20. On March 14, 2017, plaintiff requested the branch close so that employees could get home safely during a severe blizzard, as she was worried that the accumulating snow and drifts would prevent her from using her walker if she remained until close of day.

21. Defendant refused, disregarding both plaintiff's disability and the city's travel ban.

22. Driving home later that afternoon, plaintiff suffered car trouble in the blizzard, forcing her to abandon her car and stay overnight far from home with strangers.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

3 of 9

23. Although she promptly notified her supervisors of her inability to return to her stranded car, return home to access her medications, or to get to work, plaintiff was written up for missing work the next day.

24. In April 2017, Belanger and branch manager Rhonda Robbins informed plaintiff she was not allowed to attend physical therapy appointments for her hip because they "interfered with business needs."

25. Only a few months prior, Belanger had permitted another employee to attend physical therapy appointments during business hours for six weeks.

26. Plaintiff reported Belanger's failure to accommodate her medical needs to Human Resources through a formal complaint on April 17, 2017.

27. Human Resources assured plaintiff they would perform a thorough investigation and respond to her concerns, but they failed to ever contact plaintiff about the results of the investigation.

28. From March 2017, and extending through June 30, 2017, plaintiff was placed on a "Performance Improvement Plan" ("PIP"), which was amended several times.

29. The PIP listed fourteen items of alleged performance deficiencies, none of which plaintiff had been made aware of previously, and some of which dated back to a year prior.

30. Plaintiff had received two semi-annual performance reviews in the previous year; she was not notified of the supposed performance deficiencies at either time.

31. The increased stress of the PIP and Belanger's outwardly hostile and retaliatory behavior led plaintiff to experience extreme anxiety and high blood pressure.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

4 of 9

32. On several occasions, plaintiff expressed to Belanger and other branch supervisors verbally and through email that she felt she was being harassed and discriminated against because of her medical disability and associated needs.

33. During plaintiff's tenure with defendant, she requested branch transfers on three occasions and each time Belanger blocked her requests.

34. On March 13, 2017, plaintiff requested to transfer to the Milton, VT branch as the branch was only a few miles from her home and the branch did not have a personal banker at the time.

35. In early April 2017, plaintiff requested a transfer to the North Avenue branch as a personal banker to escape the stress and harassment she was experiencing at the Burlington branch.

36. Belanger told plaintiff that because plaintiff was "not in [her] best health," that she would likely be unable to perform the responsibilities of the position.

37. On June 2, 2017, the North Avenue Branch Manager disclosed to plaintiff that Belanger had informed him that she planned to "get rid" of plaintiff as soon as possible and had not permitted him to hire plaintiff for the personal banker position for which she had applied.

38. When plaintiff realized she would not be offered any opportunities locally, she made the decision to relocate to Maine in order to keep her tenure with Key Bank.

39. Plaintiff submitted her third transfer request in June 2017 to Ian McCarthy, Regional Manager of Maine, who expressed excitement at the prospect of her transfer and assured her that she was a qualified candidate for several positions that were currently available at his branch.

40. Plaintiff's current supervisors were aware of her transfer request to Maine.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

5 of 9

41. The following day, McCarthy emailed plaintiff informing her that his region in fact did not have any positions currently available, although there were three open positions listed on the internal and external job boards.

42. Belanger had persuaded McCarthy into cooperating with her own cruel efforts to thwart plaintiff.

43. For the remainder of June and July 2017, Belanger refused to permit plaintiff to take her accrued personal time off to conduct external job interviews.

44. Belanger's daily and constant hostile and discriminatory behavior toward plaintiff, plaintiff's inability to transfer branches, and the failure of Human Resources to address plaintiff's concerns left plaintiff with extreme anxiety, high blood pressure, and depression, such that plaintiff felt she had no other choice but to resign.

45. Plaintiff resigned on July 13, 2017.

46. Plaintiff received an EEOC Right to Sue Letter concerning her discrimination and retaliation claims on August 20, 2018.

## COUNT ONE:
## ILLEGAL DISABILITY DISCRIMINATION

47. Plaintiff incorporates paragraphs 1 – 46 into this claim.

48. The ADA prohibits employers from discriminating and/or retaliating against an employee or applicant with a disability.

49. Plaintiff opposed and reported defendant's discriminatory actions against her because of her disability.

50. Plaintiff also opposed defendant's favoritism of non-disabled employees over plaintiff.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

6 of 9

51. Plaintiff expressed a charge of disability discrimination with a formal Human Resources complaint about her supervisor's discriminatory behavior.
52. Plaintiff's protests and complaint were protected activity under the ADA.
53. Defendant was aware of plaintiff's protected activity.
54. Defendant's retaliation against plaintiff for her disability accommodations, its refusal to accommodate her transfer requests, and ultimately its constructive discharge constitute adverse employment actions under the ADA.
55. There was a causal connection between plaintiff's protests, requests for accommodation, and internal Human Resources complaint and defendant's retaliation and continued harassment of plaintiff.
56. In addition, plaintiff requested a reasonable accommodation for her disability, a transfer to a different position that she could more easily handle given her disability and recovery from surgery.
57. Defendant refused plaintiff's request for a reasonable accommodation for her disability.
58. Defendant's actions violated the ADA.
59. For defendant's violations of the ADA, plaintiff demands judgment against defendant.
60. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

## COUNT TWO:
## ILLEGAL RETALIATION IN VIOLATION OF THE ADA

61. Plaintiff incorporates paragraphs 1-60 into this claim.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

7 of 9

62. Defendant retaliated against plaintiff because of her disability and her complaints and protests about its treatment of her as a disabled person.

63. Defendant's retaliation against plaintiff violated the ADA.

64. For defendant's additional violations of the ADA, plaintiff demands judgment against defendant.

65. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

## COUNT THREE:
## ILLEGAL GENDER DISCRIMINATION

66. Plaintiff incorporates paragraphs 1-65 into this claim.

67. Defendant's action in hiring an inexperienced, younger, less qualified male as branch manager instead of plaintiff, who was experienced and qualified for the position, constituted gender discrimination and violated Title VII.

68. For defendant's additional violations under the statute, plaintiff demands judgment against defendant.

69. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

## COUNT FOUR:
## ILLEGAL AGE DISCRIMINATION UNDER THE ADEA

70. Plaintiff incorporates paragraphs 1-69 into this claim.

71. Defendant's action in hiring a an inexperienced, younger, less qualified male as branch manager instead of plaintiff, who was experienced and qualified for the position, constituted illegal age discrimination under the ADEA.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

8 of 9

Case 2:18-cv-00210-wks   Document 1   Filed 12/06/18   Page 9 of 9

72. For defendant's additional violations of the ADEA, plaintiff demands judgment against defendant.

73. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

<b><u>ATTENTION: PLAINTIFF DEMANDS A TRIAL BY JURY</u></b>

DATED: 11/19/2018           .                                                        **TRACI WADE, PLAINTIFF**

By: _____
Norman E. Watts, Esq.
Watts Law Firm, PC
Attorney for Plaintiff

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

9 of 9